FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2013 APR -5 AM 11: 45

CLERK C. Adams
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| DOUGLAS A. MCCLAIN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | CIVIL ACTION NO. |
| v. | * | CV 411-305 |
| | * | |
| BANK OF AMERICA CORPORATION; | * | |
| THE BANK OF NEW YORK MELLON | * | |
| f/k/a THE BANK OF NEW YORK, | * | |
| AS TRUSTEE FOR THE | * | |
| CERTIFICATE HOLDERS CWALT, INC. | * | |
| ALTERNATIVE LOAN TRUST OA21, | * | |
| MORTGAGE PASS THROUGH | * | |
| CERTIFICATES, SERIES 2006-OA21;[1] | * | |
| and CHATHAM COUNTY SHERIFF AL ST. | * | |
| LAWRENCE; | * | |
| | * | |
| Defendants. | * | |

**O R D E R**

Presently pending before the Court is Plaintiff's "Motion to Remand." (Doc. no. 25.) Upon due consideration and for the reasons set forth below, this motion is **DENIED**.

**I. BACKGROUND**

Plaintiff purchased real property located at 3 Wakefield Place, Savannah, Georgia, on December 18, 2006. (Am. Compl. ¶ 6.) To finance the purchase, Plaintiff executed a

---

[1] This defendant is hereinafter referred to as Defendant "Bank of New York Mellon."

1

promissory note in favor of Countrywide Bank, NA, in the amount of $1,160,000. (Id. ¶ 7.) The note was secured by a deed to secure debt granting Mortgage Electronic Registration Systems, Inc. ("MERS") legal title in Plaintiff's real property. (Id. ¶ 8.) In short, Plaintiff defaulted on the note, and Defendant Bank of New York Mellon conducted a foreclosure sale of the property on June 7, 2011. (Id. ¶¶ 21, 24.) Plaintiff alleges, *inter alia*, Defendant Bank of New York Mellon violated Georgia law by exercising the power of sale in Plaintiff's security deed without properly obtaining legal title to the deed and note from MERS. (Id. ¶ 34.)

Plaintiff commenced this wrongful foreclosure action in the Superior Court of Chatham County, Georgia, on October 13, 2011. Plaintiff amended his complaint five days later on October 18, 2011, seeking "damages stemming from wrongful foreclosure, improper execution of an assignment, negligent supervision, breach of duty of good faith and fair dealing[,] and intentional infliction of emotional distress,[] relating to the foreclosure of Plaintiff's real property located in Chatham County, Georgia." (Notice of Removal Ex. 1, at 19-20.) Plaintiff's prayer for relief requests, *inter alia*: a declaration that the foreclosure was void, compensatory and punitive damages of an unspecified amount, attorney's fees and litigation costs, an *ex parte* restraining order to prevent the

sheriff from proceeding with an eviction of the Plaintiff from the real property at issue, and a permanent injunction for the above mentioned restraints.

Shortly after the case was removed, on January 18, 2012, Defendants Bank of America Corporation and Bank of New York Mellon (collectively referred to as the "Bank Defendants") filed a motion to dismiss. Plaintiff, then represented by counsel, filed a response in opposition to the motion to dismiss on February 2, 2012. On February 16, 2012, Bank Defendants filed a reply. This Court scheduled a hearing for May 23, 2012, as to the pending motion. The hearing was continued and subsequently rescheduled for July 30, 2012. The hearing was again continued, and then both parties consented to continue the hearing until a mutually-agreeable date. Due to a lack of activity, the Court administratively closed the case on September 10, 2012, and instructed the parties that they could move to reopen the case to schedule a hearing on the motion to dismiss in Augusta, Georgia. (See doc. no. 18.)

Approximately a month later, on October 26, 2012, Plaintiff's counsel moved to withdraw as attorney of record. The Court granted the motion to withdraw and encouraged Plaintiff to find new counsel within twenty days of November 14, 2012. On December 3, 2012, Plaintiff moved for an extension of time in order to retain counsel. The Court

granted the requested extension, giving Plaintiff until January 1, 2013, to retain new counsel. To date, there is no indication on the record that Plaintiff successfully located and retained replacement counsel.

On January 2, 2013, Plaintiff, acting *pro se*, filed a motion to remand. (Doc. no. 25.) Bank Defendants filed their response in opposition to the motion on January 22, 2013. On February 8, 2013, Plaintiff moved the Court for an extension of time to reply to Bank Defendants' response. Despite both parties failing to move the Court to reopen the case as previously ordered, the Court granted the motion for an extension of time to reply and enabled Plaintiff to reply through and including March 8, 2013. The Court instructed both parties that the motion to remand would be considered after the reply brief was filed. Plaintiff failed, or either declined, to reply. The time for Plaintiff to reply has expired, and the motion to remand is now ripe for the Court's consideration.

## II. LEGAL STANDARD

A defendant may only remove an action from state court if the federal court would possess original jurisdiction over the subject matter. 28 U.S.C. § 1441(a). "The district courts shall have original jurisdiction of all civil actions where

the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." 28 U.S.C. § 1332(a).

"On a motion to remand, the removing party bears the burden of establishing jurisdiction." Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996). "Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 752 (11th Cir. 2010). "[R]emoval from state court is [jurisdictionally] proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." Id. at 754. "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Id. Conclusory allegations in the notice of removal will not suffice; there must be underlying facts to meet the defendant's burden. Williams v. Best Buy Co., 269 F.3d 1316, 1319-20 (11th Cir. 2001).

### III. DISCUSSION

Challenges to subject matter jurisdiction may be raised

by any party, or the court, at any time. Rembert v. Apfel, 213 F.3d 1331, 1333-34 (11th Cir. 2000). Removal in this case was based on diversity jurisdiction. See 28 U.S.C. §§ 1441(b), 1332(a). Even though Plaintiff's motion focuses on the amount in controversy requirement, the Court will address each requirement of § 1332(a).

### A. Complete Diversity of Citizenship

This civil action satisfies § 1332(a)'s complete diversity of citizenship requirement. Plaintiff is a citizen of the State of Georgia. (Am. Compl. ¶ 1.) Defendant Bank of America Corporation is a Delaware corporation with its principal place of business in North Carolina. Defendant Bank of New York Mellon is a New York corporation with its principal place of business in New York. Thus, neither Bank Defendant is a citizen of the State of Georgia as contemplated under 28 U.S.C. § 1332(c). Plaintiff is completely diverse from Bank Defendants.

The Court must next consider Defendant Chatham County Sheriff Al St. Lawrence. Bank Defendants' notice of removal admits that Defendant Lawrence is a citizen of Georgia, but, for two reasons, he does not destroy diversity.

First, there is no evidence on record that Defendant Lawrence was properly served by Plaintiff. The removal of civil actions is governed by 28 U.S.C. § 1441, which states,

6

in pertinent part, that a "civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added). The plain language of the statute requires the courts to only consider the citizenship of the parties that have been properly served. Cf. Gibson v. Wal-Mart Stores East, LP, No. 5:09-CV-228 (HL), 2010 U.S. Dist. LEXIS 7013, at *4 (M.D. Ga. Jan. 28, 2010) ("One of the defendants, McCuen, is a citizen of the forum state. Under § 1441(b), McCuen's presence seems to make this case unremovable. However, at the time Wal-Mart filed its notice of removal, the Plaitiff [sic] had yet to serve McCuen. . . . As only a properly joined and served resident defendant prevents removal, Wal-Mart properly removed the case because there was no properly joined and served resident defendant in this case . . . ."). Here, careful examination of the record of the Chatham County Superior Court before removal,[2] and of this Court after the case's removal, fails to provide evidence of proper service of process as to Defendant Lawrence. Thus, the Court concludes that Defendant Lawrence was not properly

---

[2] The Superior Court of Chatham County's docket reflects that on November 7, 2011, service was perfected as to Defendant Bank of America Corporation. There is no such indication for Defendant Lawrence.

served.³

Second, even if Defendant Lawrence was properly served, his citizenship is disregarded under the doctrine of fraudulent joinder. Fraudulent joinder occurs "[w]hen a plaintiff names a non-diverse defendant solely in order to defeat federal diversity jurisdiction." Henderson v. Wash. Nat'l Ins. Co., 454 F.3d 1278, 1281 (11th Cir. 2006). Further, "if a defendant shows that there is no possibility the plaintiff can establish a cause of action against the resident defendant, then the plaintiff is said to have fraudulently joined the non-diverse defendant." Florence v. Crescent Res., LLC, 484 F.3d 1293, 1297 (11th Cir. 2007). In that situation, the "federal court must dismiss the non-diverse defendant and deny any motion to remand the matter back to state court." Id.; Reynolds v. JPMorgan Chase Bank N.A., No. 5:11-CV-311 (MTT), 2011 U.S. Dist. LEXIS 133874, at *6 (M.D. Ga. Nov. 21, 2011). Here, Plaintiff's amended complaint does not contain even one allegation of wrongdoing as to Defendant Lawrence. Plaintiff's pleading only briefly mentions him to describe his office's role of designating "a deputy sheriff to evict the Plaintiff from the property at issue[,]" (Am. Compl. ¶ 4), and to note that the Magistrate

---

³ It is worth noting that the unanimity of consent requirement in removal cases with multiple defendants does not require consent of defendants who have not been properly served. Johnson v. Elizabeth Wellborn, P.A., 418 F. App'x. 809, 815 (11th Cir. 2011).

Court of Chatham County, Georgia, issued an eviction order to the sheriff to evict Plaintiff from the subject property (Am. Compl. ¶ 41). These tangential allegations are unquestionably insufficient to establish a cause of action against Defendant Lawrence. As such, any claims against Defendant Lawrence are **DISMISSED**, and the Court concludes that complete diversity of citizenship exists.

### B. Amount in Controversy

The Court now turns to the amount in controversy requirement of § 1332(a). As to this requirement, Plaintiff articulates four reasons for remand: (1) the punitive damages alleged in his amended complaint are too speculative to confer jurisdiction; (2) Plaintiff is not requesting a quiet title action, but equitable relief; (3) Defendants may sue for breach of contract, so damages are not measured by the value of the property; and (4) Defendants have not satisfied their burden that the current loan value exceeds the property value by more than $75,000. These arguments are unpersuasive.

Plaintiff's motion first focuses on his amended complaint's punitive damage prayer for relief. Plaintiff avers that Bank Defendants' assertions that punitive damages would exceed $75,000 are too speculative to satisfy the jurisdictional threshold. Plaintiff relies on two recent Northern District of Georgia cases to support his argument:

9

Estate of Antoni Kelley v. Nationstar Mortgage, LLC, No. 1:12-CV-00288-AT (N.D. Ga. July 18, 2012), and Kurdi v. Bank of America, N.A., No. 1:12-cv-2887-WSD (N.D. Ga. Nov. 19, 2012).[4] In Kelley, the plaintiff alleged that the defendant agreed to a binding modification of her mortgage and then failed to honor the modification but instead foreclosed on her home. The district court conducted a *sua sponte* review of subject matter jurisdiction and concluded that the case was due to be remanded because the defendant failed to establish that the amount in controversy was satisfied. There, the plaintiff did not seek a specific amount of compensatory and punitive damages in the complaint. The allegations of the complaint showed that the plaintiff had no equity in the home, and the Court declined to speculate about the amount in controversy.

Similarly, in Kurdi, the plaintiff asserted claims for wrongful disclosure and sought an unspecified amount of compensatory and punitive damages. Ultimately, the district court remanded the case because the defendant failed to provide any support for its assertion that the plaintiff's claims for punitive damages, alone or when added to compensatory damages, more likely than not exceeded the jurisdictional limit.

---

[4] Plaintiff failed to provide, and the Court's research failed to yield, the appropriate citation to these two cases. These cases were attached as exhibits to Plaintiff's motion to dismiss.

Unlike the present situation, neither of those cases involved claims seeking injunctive relief. For this reason, the Court need not delve into the merits of Plaintiff's punitive damages argument. It is true that when "determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered unless it is apparent to a legal certainty that such cannot be recovered," Holley Equip. Co. V. Credit Alliance Corp., 821 F.2d 1531, 1535 (11th Cir. 1987). However, because Plaintiff is also seeking injunctive relief, it is clear that the amount in controversy is satisfied. This leads the Court to Plaintiff's second argument.

Plaintiff admits that he is requesting injunctive relief. He notes that while "this remedy would halt foreclosure, it would not bar Defendants from recovering the Loan value through a breach-of-contract suit against McClain." (Doc. no. 25, at 6.) In "actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." Occidental Chem. Corp. V. Bullard, 995 F.2d 1046, 1047 (11th Cir. 1993). More specifically, if a plaintiff "seeks injunctive relief barring the foreclosure on the property at issue, the value of the property determines the financial value at stake." Roper v. Saxon Mortg. Servs., No. 1:09-CV-

312-RWS, 2009 U.S. Dist. LEXIS 37794, at *6 (N.D. Ga. May 5, 2009); see Occidental, 995 F.2d at 1047 ("Therefore, the amount in controversy was $98,350, the property's undisputed fair market value."); cf. White v. Wells Fargo Home Mortg., No. 1:11-cv-408-MHT (WO), 2011 U.S. Dist. LEXIS 93889, at *9 (M.D. Ala. Aug. 22, 2011) ("But neither the total value of the property, nor White's current debt, represents the amount in controversy because White does not challenge the validity of the mortgage or seek an injunction prohibiting foreclosure."). "Moreover, courts often look to the value of the loan as evidenced by the security deed to determine the amount in controversy in a foreclosure case." Walker v. United States Bank Nat'l Ass'n, No. 1:12-CV-02911-RWS, 2013 U.S. Dist. LEXIS 35838, at *7 (N.D. Ga. Mar. 15, 2013); Reynolds v. JPMorgan Chase Bank N.A., No. 5:11-CV-311 (MTT), 2011 U.S. Dist. LEXIS 133874, at *6 (M.D. Ga. Nov. 21, 2011) ("[T]he security deed meets the amount-in-controversy requirement.").

Here, Plaintiff executed a promissory note, which was secured by a deed to secure debt, in the amount of $1,160,000.00 to finance the purchase of the real property at issue. (Am. Compl. ¶ 7.) As of 2011, at the time the case was removed, the property at issue's fair market value was

$1,247,000.00.[5] (Notice of Removal Ex. B., at 2.) Plaintiff has failed to demonstrate that the value of injunctive relief barring the foreclosure action should not be determined by the value of the property at issue. It is clear that the property's fair market value and the value of the security deed securing the promissory note both exceed the $75,000 minimum requirement of § 1332(a). Plaintiff's motion to remand provides few, if any, facts or meritorious allegations to refute the amount in controversy. Conversely, Bank Defendants' notice of removal clearly establishes that the amount in controversy exceeds the jurisdictional threshold. Therefore, Plaintiff's motion to remand (doc. no. 25) is **DENIED**.

Having determined that this Court possesses original jurisdiction over this civil matter, the Court will next consider the Bank Defendants' outstanding motion to dismiss. Given the unique procedural history of the case, a hearing on the motion to dismiss is appropriate. Delay has permeated the progress of this case and will no longer be tolerated.

---

[5] The fair market value listed is the appraised value by Chatham County, Georgia, at the time of removal. A copy of the Chatham County, Georgia, property tax record was attached to Bank Defendants' Notice of Removal as Exhibit B. Judicial notice of public records and other adjudicative facts may be taken at any stage of the proceeding. Fed. R. Evid. 201(d); see also Univeral Express, Inc. V. United States SEC, 177 F. App'x 52, 53 (11th Cir. 2006) ("Public records are among the permissible facts that a district court may consider."). Accordingly, the Court takes judicial notice of the property's fair market value as evidenced by the tax record.

Accordingly, the Court hereby **ORDERS** a hearing on the pending motion to dismiss to be conducted on Thursday, April 11, 2013, at 2:30 p.m., at the Third Floor Courtroom of the United States Courthouse located at Wright Square, Savannah, Georgia, 31412.

### IV. CONCLUSION

Based upon the foregoing, the Court **DENIES** Plaintiff's motion to remand (doc. no. 25). Plaintiff's claims asserted against Defendant Lawrence are **DISMISSED**. A hearing on the outstanding motion to dismiss shall be conducted Thursday, April 11, 2013, at 2:30 p.m., at the Third Floor Courtroom of the United States Courthouse, located at Wright Square, Savannah, Georgia, 31412.

**ORDER ENTERED** at Augusta, Georgia, this 5th day of April, 2013.

UNITED STATES DISTRICT JUDGE